## SUPREME COURT.

JASPER T. VAN VLEECK agt. MYRON H. CLARK and others. THE SAME agt. THE SAME.

Where the defendants in an action in this court, brought by a non-resident plaintiff, obtained judgment against the plaintiff, from which the plaintiff *appealed*, and filed security on appeal; and pending the appeal the defendants commenced an action against the plaintiff and his sureties, on the bond given as *security for costs*, in a district court, where the plaintiff appeared, and the action was tried and resulted in a judgment against the plaintiff, on which judgment the plaintiff moved for a stay of proceedings until his appeal was decided, which was denied, and he then appealed to the common pleas,

*Held*, that although the defendants should not be allowed to collect on the bond for security for costs, the moneys which they would not be allowed to collect directly on execution, until the appeal was decided, yet the plaintiff's remedy was not by action and an *injunction* to stay the proceedings on the judgment in the district court; but he should have moved this court before a judgment was recovered on the bond, for an order *staying any action* on the same until the *decision of the appeal*. Not having done this, his remedy by action and injunction was too late, as *judgment* had been rendered against him in a court over which this court had no control.

*New York General Term, October, 1862.*

ᴵNGRAHAM, BARNARD and CLERKE, *Justices.*

ᴀPPEAL by plaintiff from decision at special term granting a motion to dissolve an injunction and from an order denying a motion to stay proceedings.

By the court, INGRAHAM, P. Justice. The plaintiff, a non-resident debtor, on commencing an action against the defendants, was compelled to file security for costs. The action was tried and resulted in a judgment for the defendants. From this judgment the plaintiff appealed, and filed security on appeal.

The defendants commenced an action against the plaintiff and his surety in a district court upon the bond given as security for costs, and this action is brought to obtain an injunction against the prosecution of that action until the appeal is decided.

In the second action the defendant moved to stay proceedings on the judgment in the district court, recovered upon the bond given in that action for security for costs.

The motion to dissolve the injunction was granted, and the motion for the order to stay was denied, and plaintiff appealed.

The costs, which are the subject of controversy in these motions, were not payable, and could not be collected after the security on the appeal was perfected, until that appeal was decided. The defendants should not be allowed to collect, on the bond for security for costs, moneys which they are not allowed to collect directly by execution. The difficulty arises from the action on the bond being brought in a district court, where relief cannot be granted, unless appeal can be pleaded as a defence to the action on the bond.

The plaintiff might have moved in the original action, before a judgment was recovered on the bond, for an order staying any action on the same, until the decision of the appeal, as the parties were still suitors in this court, where the bond was given, and the bond was on file with the clerk of the court; such an order would have been binding on the defendants, and obedience to it could have been compelled. Instead of making this application, the plaintiff went to the district court and tried the cause there, and after a decision against him, seeks the aid of the court by way

of injunction in this suit. This, we think, he cannot do. The remedy is as before intimated. It is not necessary here, to commence one action, to stay proceedings in another; and when a party has a remedy, which he neglects to apply for, until it is too late to obtain the relief he wants, he should not afterwards, without any excuse for his delay in the first instance, be allowed to resort to a new action for that purpose.

The second motion appealed from, is for a stay of proceedings on the judgment in the district court. By the recovery of judgment there, the case is beyond the reach of this court. We have no control over the judgments of the district courts. An order to stay proceedings on a judgment there would be inoperative. The court might order the bond to be canceled, but that would not affect the judgment recovered upon it in another court.

The motion for relief in this court is too late. As the plaintiff has pleaded the matter in the action in the district court, and appealed to the common pleas in that case, it is unnecessary for us to express any opinion on the sufficiency of the defence. The common pleas is the appropriate tribunal to decide that question.

We think neither of the remedies sought by the plaintiff was appropriate or proper, and that the decisions appealed from were correct and should be affirmed. We allow costs on one appeal, $10.